**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

STANLEY LORENZO WILLIAMS,
Plaintiff-Appellant,

v.

ROBERT CANADAY, Sheriff; M. G.
MORRIS, Judge of Probate; MARK

No. 99-7563

TARLTON, Judicial Official; A.
REDMON, Judicial Official; R. T.
HARRINGTON, Police Officer; PAMELA
WALKER, Deputy Clerk,
Defendants-Appellees.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CA-99-605-1)

Submitted: March 10, 2000

Decided: March 30, 2000

Before WILKINS, NIEMEYER, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Stanley Lorenzo Williams, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Stanley Lorenzo Williams appeals the district court's order dismissing his 42 U.S.C.A. § 1983 (West Supp. 1999) complaint. Williams' case was referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) (1994). The magistrate judge recommended that relief be denied and advised Williams that failure to file objections to the report and recommendation within ten days could waive appellate review of a district court order based upon the recommendation. The district court found Williams failed to timely object to the magistrate judge's report and recommendation, adopted the report and recommendation, and dismissed Williams' § 1983 action. Williams timely appealed, alleging he did in fact file timely objections to the magistrate judge's report and recommendation.

We conclude from the record that Williams is correct. Williams filed objections to the magistrate judge's report and recommendation on August 1, 1999,\* within ten days of the magistrate judge's July 23 report. See Fed. R. Civ. P. 6(a). Though that document was "stricken" without prejudice for lack of a certificate of service, Williams filed such a certificate before the court's August 30, 1999 deadline to do so.

The district court's error, however, does not entitle Williams to relief. We have reviewed the record, the magistrate judge's report and recommendation, and Williams' objections and conclude that the magistrate judge's report and recommendation correctly addressed

_____

\*Under Houston v. Lack, 487 U.S. 266, 276 (1988), an inmate's pleadings are considered filed on the day they are given to prison officials for mailing. Even if Williams' objections are considered filed August 5, 1999, the day they were received by the district court, they are timely under Fed. R. Civ. P. 6(a).

2

Williams' claims. Accordingly, we affirm the district court's order dismissing Williams' § 1983 complaint on the reasoning of the magistrate judge, which the district court adopted. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED